IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MORRIS HALEY, HP-2206,  )
    Petitioner,  )
                            )
       v.  )    2:12-cv-1708
                            )
SUPERINTENDENT COLEMAN et al.,  )
    Respondents.  )

REPORT and RECOMMENDATION

I.  Recommendation:

It is respectfully recommended that the respondents' Motion to Dismiss (ECF. 7) be granted; that the petition of Morris Haley for a writ of habeas be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

II.  Report:

Presently before the Court for disposition is the respondents' motion to dismiss.

Morris Haley, an inmate at the State Correctional Institution, Fayette, has presented a petition for a writ of habeas corpus. Haley is presently serving a thirty-two and a half to sixty-five year sentence imposed following his conviction by a jury of rape, rape of a child, involuntary deviate sexual intercourse, aggravated indecent assault and incest at Nos. CC 200608842 and CC 200701416 in the Court of Common Pleas of Allegheny County, Pennsylvania. This sentence was imposed on May 13, 2008.[1] No direct appeal was pursued.[2]

A timely post-conviction petition was filed on August 17, 2010[3] and on June 21, 2011 relief was denied.[4] An appeal was filed in the Superior Court in which the issues presented were:

    1.  Did the trial court err in denying appellant's PCRA petition since trial counsel was ineffective for introducing stale & irrelevant crimen falsi convictions of

---

[1] See: Petition at ¶¶ 1-6.
[2] Apparently counsel originally filed an appeal but then moved to discontinue the appeal. This request was granted on September 4, 2009. (See: Appendix p.29).
[3] See: Appendix at p.9.
[4] See: Exhibit 7 to the answer.

1

appellant into evidence, significantly prejudicing him in a case that revolved around his credibility?

2. Did the trial court err in denying appellant's PCRA petition since trial counsel was ineffective for: (A) failing to object to the prosecutor's improper, misleading & highly prejudicial closing argument statement that the saliva in the victim's panties belonged to appellant when no tests indicated that he was the depositor of the saliva; and, (B) for stipulating that the saliva was found in the panties worn by the victim when she was allegedly raped, when two panties were submitted to police and it was unclear which were worn on 5/20/06, and for failing to include in the stipulation that the saliva did not belong to appellant?

3. Did the trial court err in denying appellant's PCRA petition since trial counsel was ineffective for failing to insist upon redaction of prior crimes evidence contained in the M.H.'s medical records, which were introduced into evidence at trial and considered by the jury?

4. Did the trial court err in denying appellant's PCRA petition since trial counsel was ineffective for failing to object to the unsubstantiated testimony of Detective Kelly and the prosecutor's improper closing argument regarding the length of time defendant spent at the Knight's Inn Motel on 3/31/06 and 5/4/06, and for failing to object to the Commonwealth's introduction of hotel receipts from 2006 since MH never claimed, and the evidence adduced failed to demonstrate, that she was taken to motels in 2006?[5]

On March 30, 2012, the denial of post-conviction relief was affirmed.[6] A petition for allowance of appeal to the Pennsylvania Supreme Court was filed in which these same issues were raised.[7] Leave to appeal was denied on October 1, 2012.[8]

In the instant petition executed on November 6, 2012, petitioner alleges he is entitled to relief on the following grounds:

1. Trial counsel was ineffective for introducing stale & irrelevant crimen falsi conviction of defendant['s] past into evidence. Trial counsel put defendant on the witness stand, she introduced evidence regarding defendant['s] past conviction which was 13 ½ years prior to his jury trial. The crimen falsi conviction w[as] per se inadmissible which [was] damaging before the jury, because there was no evidence to link the defendant to the alleged sexual assaults and the case revolved around the credibility of Mina Haley vs. the defendant.

---

[5] See: Appendix at pp.134-135.
[6] See: Appendix pp. 218-222.
[7] See: Appendix at p.227.
[8] See: Appendix at p.277.

2. Trial counsel was ineffective for failing to object to the prosecutor['s] improper misleading and highly prejudicial closing argument … that saliva in the victim[']s panties belonged [to] the defendant. The jury never knew that the police were given two panties by Mina Haley and the Commonwealth made it seem that it was one give[n]. Also trial counsel never told that even if there was saliva in the panties which one was it she wore on the [day of the alleged] rape or the one she put on the day after and also the defendant was [excluded] as possibl[y] being the contributor.

3. Trial counsel was ineffective for failing to insist upon redaction of prior crimes evidence contained in Mina Haley['s] medical records, which were introduced into evidence at trial. The victim's medical records from Mercy Hospital were stipulated to by trial counsel, and introduced into evidence and made available for jury review, contained in those medical records was psychosocial evaluation summary, from an evaluation performed upon Mina Haley at the hospital. Mina Haley was asked if she ever [saw] defendant touch anyone else in a sexually inappropriate manner and she said no, but he said he did it to my one friend.

4. Trial counsel was ineffective for failing to cross-examine Mina Haley regarding the differences in her trial versus preliminary hearing testimony. Mina Haley testified at trial that in order for her to get the silver "dog tag" bracelet she had to go to a 2 story motel with the defendant and have sexual intercourse with him, and after that bought the bracelet at a store in the Robinson Mall. However, at the preliminary hearing she testified that she got the same bracelet at the Monroeville Mall after she move[d] back with her mother before her 13th birthday 3/3/2006 which was on February 19, 2006. And this huge inconsistency was left unnoted and was not explored by trial counsel. If [it] had been the jury would have had serious doubts regarding Mina Haley['s] credibility and her stories about being taken to a motel for sex.

The respondents now move to dismiss the instant petition on the grounds that it is time barred. It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

(1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

An untimely post-conviction petition is not "properly filed." Pace v. DiGulglielmo, 544 U.S. 408 (2005).

In the instant case, the petitioner was sentenced on May 13, 2008 and filed a timely notice of appeal which was withdrawn on September 4, 2009. As a result his conviction became final on that date. Commonwealth v. McKeever, 947 A.2d 782, 785 (Pa. Super. 2008). He did not file his post-conviction petition until August 17, 2010, or 347 days after his conviction became final. That petition was denied, the denial of relief was affirmed by the Superior Court and on October 1, 2012 the Pennsylvania Supreme Court denied leave to appeal. The instant petition was executed on November 6, 2012 or 46 days after the denial of leave to appeal.

The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here. The petitioner did not seek post-conviction relief until 347 days after he could have done so. That petition was denied; the denial of post-conviction relief was affirmed by the Superior Court on March 30, 2012, and on October 1, 2012 leave to appeal to the Pennsylvania Supreme Court was denied. The instant petition was executed on November 6, 2012. Excluding the time in which the properly filed post-conviction petition was pending from any calculation, he did not seek relief here until 393 days after he could have done so.

Unless Haley can make some showing of a basis for invoking equitable tolling of the statute of limitations, it is applicable here. A prisoner "is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 130 S.Ct. 2549, 2562 (2010) (citation omitted). He argues that he is entitled to equitable tolling based upon counsel's delay in sending him notification of the Pennsylvania Supreme Court's order denying allocatur and/or

counsel's error in informing him that he had three and a half months in which to file his habeas case.

The Court of Appeals has held that,"[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." LaCava v. Kyler, 398 F.3d 271, 276 (3d Cir. 2005) (quoting Merritt v. Blaine, 326 F.3d 157, 169 (3d Cir. 2003)). He contends that the Supreme Court in Holland "overruled" LaCava, but this is not accurate. See Holland, 130 S.Ct. at 2564 (reiterating that "a garden variety claim of excusable neglect such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline, does not warrant equitable tolling"). See also Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80 at n.16 (3d Cir. 2013) (citing LaCava's list of "garden variety claims of excusable neglect" that do not warrant equitable tolling after citing Holland). Moreover, even assuming he could demonstrate extraordinary circumstances, he still would have to demonstrate due diligence and by waiting eleven and a half months before filing his state post-conviction petition, he did not demonstrate such diligence here. Thus, combining the delay in initially seeking post-conviction relief with the delay in seeking relief here, in excess of the one year period in which to seek relief has expired, and the petition here is time barred

Accordingly, it is recommended that that the respondents' Motion to Dismiss (ECF. 7) be granted; that the petition of Morris Haley for a writ of habeas filed be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections within fourteen (14) days of this date and mailing them to United States District Court, Suite 3110, 700 Grant Street, Pittsburgh PA 15219-1957. Failure to file timely objections will waive the right to appeal.

Dated: March 1, 2013

                                               s/ Robert C. Mitchell_____
                                               Robert C. Mitchell
                                               United States Magistrate Judge

cc: Morris Haley
HP-2206
SCI Fayette
PO Box 9999
LaBelle, PA 15450